A. E. SHERIDAN, Administrator, Appellee, v. UNITED STATES
FIDELITY & GUARANTY COMPANY et al.,
Appellants.

EXECUTORS AND ADMINISTRATORS: Bonds—Liability—Insuffi-
cient Proof. No liability is shown, in an action on the bond of an
administrator, by evidence (1) that the petition for the appoint-
ment of the administrator alleged the value of the estate in a
named amount, and (2) that, while the deceased was under
*guardianship*, certain items of his property were sold for a definite
amount, which had been embezzled by the custodian thereof.

Headnote 1:  24 C. J. pp. 1103, 1105.

*Appeal from Allamakee District Court.*—JAMES D. COONEY,
Judge.

MAY 10, 1927.

REHEARING DENIED OCTOBER 1, 1927.

Action at law against the sureties on an administrator's
bond. Verdict of the jury for plaintiff, by direction of the
court, for $3,500. Both parties appeal,—the defendants from
the judgment entered against them; and the plaintiff from the
refusal of the court to allow interest upon the amount recovered.
On defendants' appeal the judgment is—*Reversed.*

*A. J. Eaton, M. X. Geske,* and *E. R. Acres,* for appellants.

*William S. Hart,* for appellee.

DE GRAFF, J.—Elmer Flack and Joseph V. Flack were
brothers. The former was a person of unsound mind, and on
September 19, 1918, Joseph V. was appointed as the guardian
of the person and property of Elmer, and duly qualified. In
1921, the guardian, upon order of court duly entered, sold and
conveyed, for cash, the interest of his ward in certain Allama-
kee County real estate. The ward died intestate April 2, 1922,
and three days later, Joseph V. was appointed as administrator

of the estate of the deceased, and qualified. The instant bond was filed and approved at that time.

The condition of the obligation of the bond was, in substance, that, if the said Joseph V. Flack, as such administrator, should render a true account of his office and of his doings therein to the proper authority when required thereby, or by law, and should promptly pay over to the officer or person entitled thereto all moneys which might come into his hands by virtue of his office, and should promptly account for all balances of money remaining in his hands at the termination of his office, then, upon the fulfillment of these things, the obligation ''to be null and void, otherwise to be and remain in full force in law; and the sureties on such bond shall be liable for all money that may come into the hands of such officer at any time during his possession of such office.'' This bond was signed by Joseph V. Flack, M. J. Barthell, and the United States Fidelity & Guaranty Company, and these parties are the defendants in this action. The plaintiff-administrator is the successor in office of Joseph V. Flack, administrator of the estate of Elmer Flack, deceased.

In the original petition, filed by plaintiff herein, the sureties on the guardian's bond were joined as defendants with the sureties on the administrator's bond. On motion of the defendant United States Fidelity & Guaranty Company, it was confessed by the plaintiff that there was a misjoinder of parties and of causes of action, and by consent the court ordered that plaintiff's action against Joseph V. Flack and the United States Fidelity & Guaranty Company should be tried separately, as a separate cause of action. Thereupon, the plaintiff filed a separate substituted petition as against the United States Fidelity & Guaranty Company and Joseph V. Flack, and on this petition and the answer thereto this cause was tried.

The surety company, in its answer, admitted that the plaintiff is the duly appointed, qualified, and acting administrator of the estate of Elmer Flack, deceased, but expressly denied that any money or property was ever received by Joseph V. Flack as administrator of the estate of Elmer Flack, deceased, and denied that any money or property belonging to said estate was misappropriated by the said Joseph V. Flack, as such adminis-

trator, or during his term as such administrator. The evidence offered upon the trial was wholly documentary in character.

Has the plaintiff established his cause of action? This is the material question. The burden of proof was upon the plaintiff, and unless it may be said that he has met the burden, the motion of the defendants for a directed verdict should have been sustained, and the motion of the plaintiff (which was sustained) should have been overruled. The record may be searched in vain to find any competent evidence which sustains the judgment entered against the defendant United States Fidelity & Guaranty Company.

Clearly, the averment in the petition in probate for the appointment of an administrator of the estate of Elmer Flack, deceased, that the property belonging to the estate of deceased "was worth $3,000," is not to be viewed as evidence that the petitioner (Joseph V. Flack) received from any source, as administrator, $3,000 in cash or property. The recital in the petition for administration, under the circumstances of this case, constitutes a mere allegation, and cannot be considered as proof to establish the judgment as prayed against the surety on its bond.

What other evidence is suggested in this record by the plaintiff, to sustain the allegations of his petition? No witness was called, and the only other document that was introduced by plaintiff, as evidence bearing on the alleged liability of the defendant surety, is the final report of Joseph V. Flack, as guardian of Elmer Flack, incompetent; and but a portion of this report was offered by plaintiff, and admitted over timely and proper objection by the defendant. The offer is in these words:

"The plaintiff further offers in evidence Exhibit 11 [guardian's final report], in so far as same constitutes admissions against defendant Joseph V. Flack and defendant guaranty company, but not for the purpose of showing or proving self-serving declarations contained therein, being offered merely for the admissions which it contains; and none other but such admissions are offered."

Turning to Exhibit 11, and construing the offer, as made, we find that it is recited that Elmer Flack, the ward, was the brother of the guardian; that he died on or about April 2, 1922,

at the residence of the guardian, in Allamakee County, Iowa; that he had been mentally incompetent from the time he was an infant; that he could not be trusted to do chores or anything of the kind about the premises; that the guardian was appointed about September 9, 1918; that said ward had lived with the guardian for the past eight years; that the ward owned real estate in Allamakee County, in which the guardian and said ward had an equal undivided half interest; that in 1921, under order of court, the interest in said real estate belonging to the said ward was sold; that said real estate sold for the sum of $3,500, one half of which sum belonged to the said ward. These are the matters which the plaintiff included in his offer.

Thereafter, the defendant offered in evidence all of Exhibit 11, to which objection was made by plaintiff, and overruled; but no exception was saved. The report recites that, at the date and time of the sale of said property, the money was turned over by the guardian to one C. S. Stilwell for deposit in the bank; that the said C. S. Stilwell is since deceased; that thereafter, the guardian discovered that the funds belonging to the said ward were appropriated by the said C. S. Stilwell; and that the estate of the said C. S. Stilwell now appears to be insolvent; and that no part of the funds intrusted to the said Stilwell in his lifetime has been recovered by the undersigned, as guardian or as administrator.

If we concede *arguendo* that the final report of the guardian is to be considered as evidence on this appeal, it does not avail the plaintiff. The onus was upon the plaintiff throughout. We are not dealing with the sureties on the guardianship bond, and with the liability on said bond we are not concerned.

Sufficient to state that plaintiff failed to meet the burden in this case, since he failed to establish that any moneys came into the hands of Joseph V. Flack, as administrator, for which, under the bond in suit, the surety was liable, or that any moneys coming into the possession of the administrator, as such, were misappropriated by the administrator during his term of office.

The judgment entered is—*Reversed.*

EVANS, C. J., and ALBERT, MORLING, and KINDIG, JJ., concur.